**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**BANKRUPTCY DIVISION**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| In re: | ) | Involuntary Chapter 7 |
| | ) | |
| Elizabeth Service, | ) | Case No. 3:20-bk-30003 (MFW) |
| | ) | |
| Debtor. | ) | Rel. Docs. 29 & 35 |

### MEMORANDUM OPINION[1]

Before the Court is the Motion filed by Gordon Ackley, Ackley Caribbean Enterprises, Inc. ("ACE"), FTM, LLC, and Alexander Treml (the "Petitioning Creditors") seeking Reconsideration of the Court's Opinion and Order dated April 7, 2021, which awarded attorneys' fees to Anna Humnicky and Douglas Chanco, counsel for Elizabeth Service (the "Motion"). The Motion is opposed by counsel for Service. At the hearing on the Motion held on May 20, 2021, the Court denied the Motion for the reasons articulated on the record, which are stated below.

The basis of the Motion is that in its Opinion the Court disallowed attorneys' fees for any services rendered before Attorney Humnicky was admitted pro hac vice. (D.I. 27 at 13, citing Matter of Jindal, 69 V.I. 942, 944 (V.I. 2018).) They contend, however, that the Court improperly concluded that she had been properly admitted when the Court entered an order

---

[1] This Memorandum Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure, which is made applicable to contested matters by Rule 9014.

granting her pro hac vice application on October 28, 2020.[2] They argue that to be admitted pro hac vice in the Virgin Islands, counsel must be sworn in by the Court, which was never done.

Attorney Humnicky argues that she was properly admitted pursuant to the Virgin Islands requirements which she reviewed at the time of her application. She notes there was no requirement for the administration of the oath in either the Local Bankruptcy Rules, the Local District Court Rules, or the Court's website. Attorney Humnicky further presented evidence that, prior to her admission she had contacted the Clerk's Office and had complied with all the procedures she was told to follow.

The Petitioning Creditors contend, however, that the administration of the oath was local practice and that Attorney Humnicky and/or her local counsel, Attorney Chanco, should have been aware of it. They further note that this "longstanding" practice has recently been codified in amendments to the Local District Court Rules by Order of Chief Judge Lewis dated April 23, 2021.

After hearing argument, the Court concluded that Attorney Humnicky had been properly admitted pro hac vice on October 28, 2020. At the time of her admission, the Local Bankruptcy Rules

---

[2] In its Opinion, the Court incorrectly stated that the order was entered on October 28, 2021. (D.I. 27 at 13.) The Court stated at the hearing that it would grant the Motion only to the extent of correcting the date.

required the filing of a written motion and an order entered by the Court on that motion. LBR 9010-1B. The Rule further provided that the Court may require evidence that the attorney has been admitted in another district. Id. Finally, the Rule required that the motion conform to the pro hac vice application form which is available on the Court's website and would "be considered pursuant to the requirements of the District Court rules." Id.

At that same time, there was no explicit requirement in the Local District Court Rules that an oath be administered to pro hac vice attorneys. Rule 83 simply provided that "Any attorney who is a member in good standing of the bar of any United States Court . . . may in the discretion of the Court, on motion, be permitted to appear and participate in a particular case." LRCi 83.1(b)(2).

Attorney Humnicky did file a motion for admission pro hac vice, an application for admission in conformity with the form on the Court's website, and a certification from the 11th Circuit that she was a member in good standing of the bar of Georgia. Further, she paid the requisite fee, and an order was entered by this Court admitting her. Thus, the Court concludes that Attorney Humnicky complied with all the requirements for admission that were extant at the time.

3

The Petitioning Creditors argue, however, that local practice in the Virgin Islands required that a pro hac vice attorney take an oath before practicing there. They argue that the Jindal decision is applicable to this case and requires the disallowance of Attorney Humnicky's fees.

The Court rejects this argument. The Jindal case is distinguishable because in that case the Court entered an order requiring counsel to be sworn in, which counsel ignored. That is not the case here. The Court's order in this case did not require that Attorney Humnicky take the oath. Further, neither she nor the Court was aware of any such local practice. The Court has not required the administration of an oath to pro hac vice attorneys appearing in bankruptcy cases since at least 2009. As noted above, the Local Bankruptcy Rules, which have been revised many times since 2009, do not contain any such requirement.

While the District Court orders admitting pro hac vice attorneys may have contained such a requirement, they provided that the oath was to be administered the first time the attorney appeared in the territory. Thus, even under such a "local practice," the Court concludes that the requirement is not applicable to Attorney Humnicky. She has never appeared in the territory in connection with this case; all hearings have been held remotely because of the pandemic.

The Petitioning Creditors nonetheless contend that the District Court has recently been requiring that oaths be administered to pro hac vice attorneys virtually. However, once again neither Attorney Humnicky nor the Court was aware of that practice; there is nothing on the Court's website requiring that; and it has only recently been included in District Court orders.

Finally, the Petitioning Creditors argue that the Local District Court Rules now make it clear that to be admitted pro hac vice an attorney must take the prescribed oath before preforming any services. LRCi 83.1(b)(2) (amended April 23, 2021).

The Amended Rules provide that they are effective as of April 23, 2021, and "govern all applicable proceedings brought in this Court after they take effect." (LRCi 1.1(c)&(d).) They further state, however, that they "apply to all proceedings pending at the time they take effect, except to the extent that in the opinion of the Court the application thereof would not be feasible or would work injustice, in which event the former rules govern." (LRCi 1.1(d).)

The Court finds that the retroactive application of the Amended Rules to this case would not be feasible and would create an injustice. Attorney Humnicky's pro hac vice motion was filed and granted almost six months before the amendment became effective. Her services for the putative Debtor were concluded

5

almost five months before the effective date.  The only matters left are the consideration of attorneys' fees under section 303(i)(1) of the Bankruptcy Code for the Petitioning Creditors' improper filing of an involuntary petition against Ms. Service.  Thus, the Court will not apply the recent amendment of Local District Court Rule 83.1(b)(2) retroactively.[3]

However, in light of the amendment to the Local District Court Rules, the Court has amended its form order to require an oath for pro hac vice attorneys appearing in bankruptcy cases and will propose an amendment of the Local Bankruptcy Court Rules to that effect.  Furthermore, because additional contested matters are pending in this case, the Court advised Attorney Humnicky at the hearing to contact Judge Miller to arrange for the administration of the oath.

For the foregoing reasons, the Court denies the Petitioning Creditors' Motion for Reconsideration of its Opinion and Order dated April 7, 2021, except to the extent that the Opinion will be amended at page 13 to reflect the correct date (October 28, 2020) of Attorney Humnicky's admission.

---

[3]    As a result, the Court need not address Attorney Humnicky's argument that she cannot be sanctioned (by the denial of her fees) for violating a rule of which she had no knowledge, despite her diligent efforts to learn the requirements for pro hac vice admission.  See Fed. R. Civ. P. 83(b); Fed. R. Bankr. P. 9029.

An appropriate Order will be entered.

BY THE COURT:

Dated: May 27, 2021

Mary F. Walrath
United States Bankruptcy Judge

**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**BANKRUPTCY DIVISION**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| In re: | ) | Involuntary Chapter 7 |
| | ) | |
| Elizabeth Service, | ) | Case No. 3:20-bk-30003 (MFW) |
| | ) | |
| Debtor. | ) | Rel. Docs. 29 & 35 |

**O R D E R**

**AND NOW**, this **27th** day of **May, 2021**, for the reasons stated in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that the Motion for Reconsideration filed by Gordon Ackley, Ackley Caribbean Enterprises, Inc. ("ACE"), FTM, LLC, and Alexander Treml (the "Petitioning Creditors") is hereby **GRANTED** to the limited extent of correcting page 13 to reflect the correct date of the admission of Attorney Humnicky, October 28, 2020; and it is further

**ORDERED** that the Motion for Reconsideration is hereby **DENIED** in all other respects.

BY THE COURT:

Mary F. Walrath
United States Bankruptcy Judge

**SERVICE LIST**

Douglas B. Chanco, Esquire
Chanco Schiffer Law, LLC
9053 Sugar Estate, Suite 103
St. Thomas, USCI 00802
Counsel for the Movant

Leigh Goldman, Esquire
Goldman Law Offices, Inc.
9052 Estate Thomas, Suite 103
Royal Palms Professional Bldg
St. Thomas, VI 00802
Counsel for the Movant

Anna M. Humnicky, Esquire
Small Herrin, LLP
2727 Paces Ferry Road
Building Two, Suite 200
Atlanta, GA 30339
Counsel for the Movant

Kevin F. D'Amour, Esquire
Kevin F. D'Amour P.C.
P.O. Box 10829
St. Thomas, VI 00801
Counsel for the Petitioning Creditors